UNITED STATES BANKRUPTCY COURT
District of Maine

In the matter of:

**Michelle M. Castonguay**

Chapter 13
Case No. 10-11756

Debtor

## AMENDED CHAPTER 13 PLAN

The debtors or debtor (hereinafter "debtor") proposes the following plan. The debtor submits the following income and/or property to the trustee for the execution of the plan.

1. **PLAN PAYMENTS.**
a.  Commencing on or before December 16, 2010, the debtor will make plan payments of $755.00 per month for 60 months. The plan shall be for 60 months.
b.  The applicable commitment period is 60 months.
c.  In addition, the debtor will pay the following:
d.  The total amount to be paid by the debtor to the trustee is $45,300.00.
e.  In addition, the debtor will contribute all tax refunds (combined federal and state) in excess of $1,200 per year per debtor.

2. **ADMINISTRATIVE CLAIMS.** Administrative expenses and claims, as may be allowed by the court, shall be paid in full from the funds paid by the debtor to the trustee as follows:
a.  Trustee's fees as allowed by 28 USC. §586                                $4,530.00
    computed at 10% of amount at ¶1.d, not to exceed 10% of ¶1.d
b.  Attorney's fees (if any) to be paid through the plan    $1,374.00
c.  Administrative reserve (if any)                         $3,000.00
d.  Other (describe)                                        $

3. **SECURED CLAIMS.** Claims secured by property of the estate shall be paid as follows:

a.  <u>Pre-Confirmation Adequate Protection and Lease Payments</u>. No later than 30 days from the date of filing, the debtor shall make the pre-confirmation adequate protection payments and lease payments required by § 1326(a)(1) to the trustee for the benefit of the following creditors. The trustee shall disburse those payments to creditors, subject to statutory trustee's fees. A proof of claim must be filed for payment to issue. Pending confirmation, there shall be an administrative lien for any undisbursed amounts held by the trustee which shall be honored, subject to trustee's fees, in the event of dismissal prior to confirmation.

| Creditor | Collateral | Details |
|---|---|---|
| Chrysler Financial | 2008 Jeep Cherokee | A claim amount of $20,522.72 was filed on January 27, 2011, and Debtor paid a monthly payment of $556.26 prior to the plan. |

b.  **Secured Claims Not In Arrears.** The following secured claims not in arrears shall be paid directly by the debtor pursuant to the existing contract(s) between the debtor and each creditor. The lien securing each claim shall not be impaired and the underlying claim shall not be discharged.

| Creditor | Collateral | Periodic Payment and Amount | Next Payment Due Date |
|---|---|---|---|
| NONE | | | |

c.  **Secured Claims In Arrears.** Upon confirmation, payments coming due after the bankruptcy filing on the following secured claims in arrears (which arrearage is to be cured in ¶d., below) shall be made through the trustee during the term of the plan from funds paid by the debtor. A proof of claim must be filed for payment to issue. Payment amounts will be adjusted pursuant to the existing agreements(s) between the debtor and each creditor. Payments made through the trustee pursuant to this paragraph constitute full periodic compliance with the existing contract between the debtor and each creditor during the term of the plan. The lien securing each claim shall not be impaired and the underlying claim shall not be discharged. The debtor shall resume direct payments on these claims at the conclusion of the plan.

| Creditor | Collateral | Periodic Payment and Amount (Monthly unless otherwise stated) | Next Payment Due Date |
|---|---|---|---|
| NONE | | | |

d.  **Arrearages on Secured Claims.** Arrearages on secured claims to cure defaults shall be paid through the trustee from funds paid by the debtor as follows. A proof of claim must be filed for payment to issue.

| Creditor | Collateral | Claim Amount | Interest Rate | Monthly Payment | 1st/Last Payment |
|---|---|---|---|---|---|
| NONE | | | | | |

e.  **Section 506 Not Applicable ("910 Claims").** Claims as to which §506 valuation is not applicable consist of claims secured by a purchase money security interest in a motor vehicle acquired for the debtor's personal use, for which the debt was incurred within 910 days prior to the bankruptcy filing or, if the collateral is any other thing of value, the debt was incurred within one year prior to filing. The claim amount plus

allowed interest shall be paid as follows through the trustee from funds paid by the debtor  A proof of claim must be filed for payment to issue.

| Creditor | Collateral | Claim Amount | Interest Rate | Monthly Payment | 1st/Last Payment |
|---|---|---|---|---|---|
| NONE | | | | | |

f.   Section 506 Applicable ("Non-910 Claims").  Claims as to which §506 valuation is applicable consist of secured claims other than as described in ¶¶b. through e., above.  The following secured claims shall be paid in full or to the lesser extent of value through the trustee from funds paid by the debtor.  A proof of claim must be filed for payment to issue.  *Confirmation of the plan is a judicial determination pursuant to §1327(a) that the value of the collateral is the same amount as appears at "allowed claim amount" below*.  Any undersecured portion of the claim shall be treated as unsecured.

| Creditor | Collateral | Allowed Claim Amount | Interest | Monthly Payment | 1st/Last Payment |
|---|---|---|---|---|---|
| Chrysler Financial | 2008 Jeep Cherokee | $20,522.72 | 1.9% $1,006.49 | $556.26 for 38 months and $391.33 on the 39th month | December 12, 2010 |

g..   Collateral To Be Surrendered.  The debtor will surrender the following collateral within 30 days unless otherwise set forth.  Any claim filed by a secured creditor with respect to such collateral will be treated as unsecured. The debtor consents to relief from stay with respect to such collateral; the debtor's consent does not affect the interests of the trustee or any co-obligor.

| Creditor | Collateral | Collateral Will Be Surrendered on or Before |
|---|---|---|
| HSBC Mortgage Services | House and lot at 154 Judson Blvd., Bangor, ME 04401 | November 16, 2010 (Note: The collateral was set aside to Debtor's husband in the parties' Divorce Decree dated June 8, 2009.) |
| Real Time Resolutions | House and lot at 154 Judson Blvd., Bangor, ME 04401 | November 16, 2010 (Note: The collateral was set aside to Debtor's husband in the parties' Divorce Decree dated June 8, 2009.) |

4.   **EXECUTORY CONTRACTS AND LEASES.**  Any executory contract or lease not assumed is rejected by confirmation of the plan

a.  Assumption.  The following executory contracts and leases are assumed.  Payments due under the terms of the agreement(s) between the debtor and each creditor after the filing of the bankruptcy will be paid directly by the debtor according to the existing contract(s).

| Creditor/Lessor/Other Party to Contract or Lease | Description |
|---|---|
| NONE | |

b. Cure of Defaults.  Pre-petition monetary defaults on any executory contract or lease assumed by the debtor will be cured by payment as follows through the trustee from funds paid by the debtor. Payment will be made concurrently with payment to secured claims.  A proof of claim must be filed for payment to issue.

| | Property Leased | Total Amount Of Default | Monthly Payment |
|---|---|---|---|
| NONE | | | |

5. **PRIORITY CLAIMS.**  Unsecured claims entitled to priority under §507(a) shall be paid as follows after secured claims are paid.  A proof of claim must be filed for payment to issue.

a. Domestic Support Obligations.

   i. [X] The debtor has no domestic support obligations;
      or
      [ ] The debtor shall pay all post-petition domestic support obligations directly to the holder of each claim.

   ii. Unless otherwise provided, the following domestic support obligations shall be paid in full through the trustee from funds paid by the debtor.

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| NONE | | |

b. Other Priority Claims.  Other priority claims shall be paid in full as follows through the trustee from funds paid by the debtor.

| Creditor | Description of Claim | Amount of Claim |
|---|---|---|
| State of Maine Revenue Service | Back Taxes | $3,614.96 |

6. **INTERIM DISTRIBUTION.**  Interim Distribution may be made pursuant to court order to provide adequate protection and/or payment to undisputed and timely filed secured, priority, executory contract and lease claims as provided by the plan.

7. **CHAPTER 7 LIQUIDATION TEST (§1325(a)(4)).**  If the debtor's estate were liquidated under Chapter 7 rather than reorganized under Chapter 13, a Chapter 7 trustee would be entitled to sell, collect or recoup certain

assets, net of valid secured claims, with an aggregate value of $0.00. The debtor certifies that at least this cash amount will be paid to the Chapter 13 trustee for the benefit of unsecured creditors.

8. **GENERAL UNSECURED CLAIMS.** Unsecured (including undersecured) creditors' claims not entitled to priority are listed on the debtor's schedules in the approximate amount of $172,394.91. A proof of claim must be filed for payment to issue. A "small claim" is any claim filed for less than $50 which shall be allowed in full, or any claim greater than $50 for which the percentage dividend would be under $50, which shall be allowed in the amount of $50. Small claims shall be paid promptly at the discretion of the trustee. Other classes of general unsecured claims are as follows.

a. <u>Class One</u>. Class One consists of all general unsecured claims not otherwise specifically described. Class I claims shall be paid a pro rata share of no less than $11,251.83 after all other claims have been paid from funds paid through the trustee by the debtor. The court will issue an order after the bar date determining the actual dividend.

b. <u>Class Two</u>. Describe, if applicable:

9. **SPECIAL PROVISIONS.** The following other special provisions of the plan appear on the attached separate schedules as indicated.

   [X] No other special provisions.
   [ ] Schedule I – Co-debtor matters (11 U.S.C. §§1301 and 1322(b)(1)
   [ ] Schedule II – Lien avoidance (11 U.S.C. §522)
   [ ] Schedule III – Sale of property (11 U.S.C. § 363)
   [ ] Schedule IV – Injunctive relief (Fed.R.Civ.P. 2002(c)(3) and 7001(7))
   [ ] Schedule V – Secured claims to be paid directly by debtor other than as provided in ¶3.
   [ ] Schedule VI – Other

10. **PROPERTY OF THE ESTATE.** Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, notwithstanding § 1327(b).

Date: February 18, 2011

/s/ Michelle M Castonguay
Debtor, Michelle M. Castonguay

/s/
William N. Palmer, Bar No. 2767
Gray & Palmer
6 State St., Suite 407
Bangor, ME 04401
(207) 945-5502
Attorney for Debtor

RECONCILIATION BALANCE SHEET
(TOTAL PAYMENTS AND TOTAL DISTRIBUTIONS MUST BE THE SAME)

**Total payments from debtor to trustee** $45,300.00

**Distributions to be made through trustee pursuant to plan**
1. Trustee's fees $ 4,530.00
   (10% of total payments from debtor, above)
2. Debtor's attorney's fees $ 1,374.00
   $98.15 per month for 13 months and $98.05
   on the 14th month
3. Administrative reserve $ 3,000.00
4. Other administrative claims $ 0.00
5. Secured claims including interest (arrears and other)
   a. Current mortgage payment to [creditor ] $ 0.00
      [$ ] per month for [n] months
   b. Mortgage arrears to [creditor ] $ 0.00
      [$ ] per month for [n] months
   c. Vehicle claim to Chrysler Financial $21,529.21
      $556.26 per month for 38 months and
      $391.33 on the 39th month
   d. Vehicle claim to [creditor ] $ 0.00
      [$ ] per month for [n] months
   e. [Other(s)] $ 0.00
      [$ ] per month for [n] months to [creditor ]
6. Cure of executory contracts and leases
   a. [$ ] per month for [n] months $ 0.00
      to [creditor ]
   b. [$ ] per month for [n] months $ 0.00
      to [creditor]
7. Total priority claims $ 3,614.96
8. Total to Class One $11,251.83
   general unsecured creditors
9. Total to small claims $ 0.00
   general unsecured creditors
10. Total to other classes $ 0.00
    of general unsecured creditors

**Total distributions**
**to be made through trustee** (sum of 1 through 10) $45,300.00