B9A (Official Form 9A) (Chapter 7 Individual or Joint Debtor No Asset Case) (12/12)   Case Number **10–11756**

# UNITED STATES BANKRUPTCY COURT
## District of Maine

## Notice of Chapter 7 Bankruptcy Case, Meeting of Creditors, & Deadlines

A bankruptcy case concerning the debtor(s) listed below was originally filed under chapter 13 on 11/16/10 and was converted to a case under chapter 7 on 6/25/13.

You may be a creditor of the debtor. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below. NOTE: The staff of the bankruptcy clerk's office cannot give legal advice.

**Creditors –– Do not file this notice in connection with any proof of claim you submit to the court.**
**See Reverse Side For Important Explanations**

Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
Michelle M. Castonguay
70 Fifteenth St.
Bangor, ME 04401

| Case Number:<br>10–11756 | Social Security / Individual Taxpayer ID / Employer Tax ID / Other nos:<br>xxx–xx–6533 |
|---|---|
| Attorney for Debtor(s) (name and address):<br>William N. Palmer Esq.<br>Gray & Palmer<br>6 State Street, Suite 407<br>Bangor, ME 04401–5104<br>Telephone number: (207) 945–5502 | Bankruptcy Trustee (name and address):<br>Michael S. Haenn<br>88 Hammond Street<br>P.O. Box 915<br>Bangor, ME 04402–0915<br>Telephone number: 207–990–4905 |

## Meeting of Creditors
Date: **July 22, 2013**                                         Time: **10:00 AM**
Location: **Penobscot County Probate Court, Penobscot County Courthouse, 97 Hammond Street, Bangor, ME 04401**

## Notice
The United States Trustee's policy is to require all debtors to bring positive identification to the meeting of creditors. Failure to do so may result in delays in processing the case.

## Presumption of Abuse under 11 U.S.C. § 707(b)
*See "Presumption of Abuse" on reverse side.*
The presumption of abuse does not arise.

## Deadlines:
Papers must be *received* by the bankruptcy clerk's office by the following deadlines:
**Deadline to Object to Debtor's Discharge or to Challenge Dischargeability of Certain Debts: 9/20/13**
**Deadline to seek a determination of automatic dismissal for failure to file all information required by section 521(a)(1) is 75 days from the date of filing the case.**

## Deadline to Object to Exemptions:
Thirty (30) days after the *conclusion* of the meeting of creditors.

## Creditors May Not Take Certain Actions:
In most instances, the filing of the bankruptcy case automatically stays certain collection and other actions against the debtor and the debtor's property. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be penalized. Consult a lawyer to determine your rights in this case.

## Please Do Not File a Proof of Claim Unless You Receive a Notice To Do So.

## Creditor with a Foreign Address:
A creditor to whom this notice is sent at a foreign address should read the information under "Do Not File a Proof of Claim at This Time" on the reverse side.

| **Address of the Bankruptcy Clerk's Office:**<br>202 Harlow Street<br>Bangor, ME 04401<br>Telephone number: (207) 945–0348 | **For the Court:**<br>Clerk of the Bankruptcy Court:<br>Alec Leddy |
|---|---|
| Hours Open: Monday – Friday 8:30 AM – 1:00 PM 1:30 PM – 4:30 PM | Date: 6/25/13 |

**EXPLANATIONS** B9A (Official Form 9A) (12/12)

| | |
|---|---|
| Filing of Chapter 7 Bankruptcy Case | A bankruptcy case under Chapter 7 of the Bankruptcy Code (title 11, United States Code) has been filed in this court by or against the debtor(s) listed on the front side, and an order for relief has been entered. |
| **Legal Advice** | The staff of the bankruptcy clerk's office cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not Take Certain Actions | Prohibited collection actions are listed in Bankruptcy Code §362. Common examples of prohibited actions include contacting the debtor by telephone, mail or otherwise to demand repayment; taking actions to collect money or obtain property from the debtor; repossessing the debtor's property; starting or continuing lawsuits or foreclosures; and garnishing or deducting from the debtor's wages. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although the debtor can request the court to extend or impose a stay. |
| Presumption of Abuse | If the presumption of abuse arises, creditors may have the right to file a motion to dismiss the case under § 707(b) of the Bankruptcy Code. The debtor may rebut the presumption by showing special circumstances. |
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time and location listed on the front side. *The debtor (both spouses in a joint case) must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date specified in a notice filed with the court. |
| Do Not File a Proof of Claim at This Time | The Court will process all Chapter 7 cases as no−asset cases. *You therefore should not file a proof of claim at this time.* If the trustee later confirms/determines that assets are available to pay creditors, you will be sent another notice telling you that you may file a proof of claim, and telling you the deadline for filing your proof of claim. If this notice is mailed to a creditor at a foreign address, the creditor may file a motion requesting the court to extend the deadline.<br>*Do not include this notice with any filing you make with the court.* |
| Discharge of Debts | The debtor is seeking a discharge of most debts, which may include your debt. A discharge means that you may never try to collect the debt from the debtor. If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code §727(a) *or* that a debt owed to you is not dischargeable under Bankruptcy Code §523(a)(2), (4), or (6), you must file a complaint –– or a motion if you assert the discharge should be denied under §727(a)(8) or (a)(9) –– in the bankruptcy clerk's office by the "Deadline to Object to Debtor's Discharge or to Challenge the Dischargeability of Certain Debts" listed on the front of this form. The bankruptcy clerk's office must receive the complaint or motion and any required filing fee by that deadline. |
| Exempt Property | The debtor is permitted by law to keep certain property as exempt. Exempt property will not be sold and distributed to creditors. The debtor must file a list of all property claimed as exempt. You may inspect that list at the bankruptcy clerk's office. If you believe that an exemption claimed by the debtor is not authorized by law, you may file an objection to that exemption. The bankruptcy clerk's office must receive the objections by the "Deadline to Object to Exemptions" listed on the front side. |
| Bankruptcy Clerk's Office | Any paper that you file in this bankruptcy case should be filed at the bankruptcy clerk's office at the address listed on the front side. You may inspect all papers filed, including the list of the debtor's property and debts and the list of the property claimed as exempt, at the bankruptcy clerk's office. |
| Legal Advice | The staff of the bankruptcy clerk's office cannot give legal advice. You may want to consult an attorney to protect your rights. |
| Creditor with a Foreign Address | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

Refer to Other Side for Important Deadlines and Notices